IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CRICUT INC., <br><br> Plaintiff, <br><br> v. <br><br> LIPING ZHAN, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER GRANTING [18] EX PARTE MOTION FOR EXTENSION OF TIME AND [19] EX PARTE MOTION FOR SERVICE BY ALTERNATIVE MEANS <br><br> Case No. 2:24-cv-00746-RJS-CMR <br><br> District Judge Robert J. Shelby <br><br> Magistrate Judge Cecilia M. Romero |

Before the court are Plaintiff's ex parte Motion for Extension of Time for Service of Process (ECF 18) and Plaintiff's ex parte Motion for Service by Alternate Means (ECF 19) (collectively, the Motions). For the foregoing reasons, the court GRANTS the Motions.

## I.    BACKGROUND

Plaintiff filed the Complaint in this matter on October 4, 2024, asserting claims of patent infringement against Defendant LiPing Zhan (Defendant) (ECF 1). Under Federal Rule of Civil Procedure 4(m), Plaintiff had ninety days to serve Defendant, yet Plaintiff failed to effectuate service within the allotted timeframe. Thus, on May 14, 2025, the court ordered Plaintiff to show cause why this matter should not be dismissed for failure to serve and/or prosecute and directed Plaintiff to respond no later than May 28, 2025, and "inform the court as to the status of the case" and Plaintiff's intentions to proceed (ECF 16). In addition to filing a Response to the Order to Show Cause (ECF 21), Plaintiff filed the present Motions.

In the Motions, Plaintiff details the issues it has encountered in effectuating service on Defendant (ECF 18; ECF 19). Plaintiff indicates that "Defendant is a resident of China who does

1

business under the 'Konduone' name" and the current owner information on record with the United States Patent and Trademark Office (USPTO) for the "Konduone" trademark has a physical address that corresponds with Defendant's physical address in China (ECF 18 at 2). And under its contact information with the USPTO, Defendant listed an attorney based in New York—Shiyong Ye from the law firm Reid & Wise LLC—as its designated contact (*id.*). Plaintiff states that "despite various attempts to effectuate personal service on Defendant's counsel, Mr. Ye, [Plaintiff] has been unable to serve Defendant" (*id.* at 2). Furthermore, Plaintiff maintains that since November 2024 it has "attempted to work out the underlying issues with Defendant in both this [l]awsuit as well as a related action pending before the U.S. International Trade Commission" (the ITC Action) but has been "unsuccessful given Defendant's refusal to accept correspondence sent by [Plaintiff]" (*id.* at 4). "As a result of Defendant's efforts to evade service in the ITC Action," Plaintiff states that the chief administrative law judge for the ITC found Defendant to be in default (*id.*; ECF 18-1).

Along with its physical address in China and the New York address for Mr. Ye's law firm, the information that Defendant listed with the USPTO indicates that it has authorized communication via email (ECF 18 at 2). To that end, Defendant provided two email addresses: 2850826959@qq.com and bjspbrand@126.com (*id.*). Defendant also provided the USPTO with two email addresses that can be used to contact Mr. Ye: syetm@reidwise.com and atmtrademarks@hotmail.com" (*id.* at 3; ECF 1 at 3). Plaintiff now seeks to serve Defendant using the email addresses on file with the USPTO (ECF 19 at 1–2).

## II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 6(b), for good cause shown, the court may extend deadlines for acts that "may or must be done within a specified time." Where, as here, a motion to

extend time is "made after the time has expired," the moving party must also show it "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Whether a party has demonstrated excusable neglect requires consideration of the attendant circumstances, which includes the following factors: "[1] the danger of prejudice to the [non-moving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Federal Rule of Civil Procedure 4(f), governs service of individuals in a foreign country, and subsection (3) permits service "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Service under Rule 4(f)(3) has two requirements: (1) it "must comport with constitutional notions of due process," and (2) "must not be prohibited by international agreement." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). The first requirement requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). The Tenth Circuit has held that the relevant inquiry under the second requirement is whether an international agreement like the Hague Convention prohibits the requested method of service. *DP Creations, LLC v. Jiaheng*, No. 2:22-cv-772-TC-DBP, 2023 WL 318259, at *1–2 (D. Utah Jan. 19, 2023) (citing *Compañía De Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1294 (10th Cir. 2020)). Ultimately, the decision to order service of process under Rule 4(f)(3) "is committed to the sound discretion of the district court." *Stream SICAV v.*

*Wang*, 989 F. Supp. 2d 264, 278 (S.D.N.Y. 2013) (quoting *United States v. Lebanese Canadian Bank*, 285 F.R.D. 262, 266 (S.D.N.Y. 2012)).

### III. DISCUSSION

#### A. Motion for Extension of Time

Plaintiff argues there is excusable neglect for its failure to file a motion for extension of time prior to the original service deadline and requests an additional twenty-one days to serve Defendant (ECF 18 at 6). In support of its motion, Plaintiff points to its "various attempts to effectuate personal service on Defendant's counsel" and its ongoing attempt, beginning in November 2024, "to work out the underlying issues with Defendant" both in this matter and the ITC Action (*id.* at 2, 4). According to Plaintiff, excusable neglect is present because (1) "the danger of prejudice to Defendant is low because no deadlines have started to run for Defendant," (2) even though the length of the delay has been several months, Plaintiff's process service has made several attempts to serve Defendant, (3) the reason for the delay is the "constant rejection" by Defendant's counsel of the various attempts to serve the Complaint, and (4) Plaintiff has "acted in good faith to because it has attempted several times to effectuate personal service at the address Defendant stated it could be reached as well as negotiate a resolution" in this matter and ITC Action (*id.* at 5–6).

Based on Plaintiff's representations, the court finds that Plaintiff has demonstrated reasonable neglect for its failure to file a motion for extension of time prior to the original service deadline. Thus, for those reasons and for good cause appearing, the court finds it appropriate to grant Plaintiff's Motion for Extension of Time.

B. **Motion for Alternative Service**

Along with its request for additional time to effect service, Plaintiff also requests that the court grant leave to serve Defendant "by alternate means—i.e., by email to Defendant's attorney Shiyong Ye at syetm@reidwise.com and atmtrademarks@hotmail.com as well as email to Defendant directly at 2850826959@qq.com and bjspbrand@126.com" (ECF 19 at 1–2). Plaintiff has made this request pursuant to Federal Rule of Civil Procedure 4(f)(4)(3) because Plaintiff is seeking to serve an individual in a foreign country (*id.*). The court notes that Plaintiff is also attempting to serve Defendant's counsel through email, and Defendant's counsel is located within the United States. Consistent with this request, Plaintiff maintains that its process server made "multiple good faith attempts to diligently serve Defendant[] with the Complaint and summons," including attempting to serve Defendant's attorney at his law firm in New York City (*id.*).

As noted above, service under Rule 4(f)(3) has two requirements: (1) it "must comport with constitutional notions of due process," and (2) "must not be prohibited by international agreement." *Rio Props., Inc.*, 284 F.3d at 1015. Concerning the first requirement for service under Rule 4(f)(3), Plaintiff argues that service by email comports with constitutional notions of due process and that this position is supported by case law from within this district (ECF 19 at 5–6). Indeed, this court and others have found that the service of process through email is reasonably calculated to provide a party with notice of an action and an opportunity to respond. *See, e.g.*, *Deseret Book Co. v. Nanjing Lian Yidu Trading Co.*, No. 2:24-cv-00961-JNP, 2025 WL 252810, at *3–4 (D. Utah Jan. 21, 2025) (noting the limitations associated with service of process by email but ultimately granting the plaintiff's request for service via email stating it was likely "the best way to effect service of process on the defendant"); *DP Creations*, 2023 WL 318259, at *2 (holding email service comports with due process when the defendant provided Amazon with its

email address in response to its infringement notification); *Rio Props.*, 284 F.3d at 1017 (concluding "[w]ithout hesitation" that service of process by email met constitutional due process requirements).

In this matter, service by email is likely the best way to provide notice to Defendant of this litigation. To this point, Plaintiff asserts that this case is factually analogous to the situation in *Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007 (9th Cir. 2002) (ECF 19 at 6). The defendant in *Rio Properties* was "an elusive international defendant, striving to evade service of process" that had "embraced the modern e-business model and profited immensely from it," including by structuring its "business such that it could be contacted *only* via its email address," *id.* at 1016–18. Here, Defendant has a principal place of business in a foreign country, yet Defendant has been able to sell its products "directly through Amazon.com to the public in the United States" (ECF 19 at 6). Defendant has also "held itself as being available via email through representations made to the USPTO office" (*id.*). The court also finds it highly relevant that previous attempts to physically serve Defendant have been unsuccessful, including those efforts to serve Defendant's counsel at his law firm in New York City. Thus, upon consideration of Plaintiff's arguments and the present circumstances, the court agrees that service via the email addresses Defendant listed with the USPTO complies with the notions of due process as required by Rule 4(f)(3).

The court further finds that service of process via email satisfies the second requirement of Rule 4(f)(3) because international agreements do not prohibit service by email. In applying Rule 4(f)(3), courts "look to whether the Hague Service Convention prohibits the method of service requested." *Neck Hammock, Inc. v. Danezen.com*, No. 2:20-cv-287-DAK-DBP, 2020 WL 6364598, at *4 (D. Utah Oct. 29, 2020). This court has determined that "the Hague Convention

does not expressly prohibit email service." *Id.* China however did object to Article 10(a) of the convention, "which permits service by postal channels, directly to persons abroad," and some litigants have asserted that this is "tantamount to an objection to email service." *Id.* Courts are split as to whether an objection to Article 10(a) is an objection to service by email. *See generally* Michael A. Rosenhouse, Annotation, *Permissibility of Effectuating Service of Process by Email Between Parties to Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*, 14 A.L.R. Fed. 3d Art. 8 (2016). Despite a lack of consensus on the issue, the majority of courts have concluded that a country's objection to Article 10(a) does not equate to an objection to email service. *See The Neck Hammock*, 2020 WL 6364598, at *4. Moreover, this court has previously stated that it "cannot conclude that China's objection to service by traditional mail under Article 10(a) is also an objection to service by email." *Id.* Thus, the court concluded "that email service is not prohibited by international agreement in this case." *Id.*

Furthermore, this court has previously noted that "numerous courts have permitted service on foreign defendants through their retained United States counsel, regardless of whether counsel is specifically authorized to accept service." *Cricut, Inc. v. Shanghai Sishun E-Com. Co.*, No. 2:24-cv-00747, 2025 WL 1333004, at *3 (D. Utah May 7, 2025). In this case, Plaintiff has attempted personal service on Defendant's attorney, whose address and contact information were provided to the USPTO, according to Plaintiff, in connection with the Konduone trademark (ECF 19 at 2–3). Plaintiff further maintains that "[b]etween November 2024 and the present, counsel for [Plaintiff] has attempted to work out the underlying issues with Defendant in both this Lawsuit as well as a related action pending before the U.S. International Trade Commission . . . but has been unsuccessful given Defendant's refusal to accept correspondence sent by [Plaintiff]" (*id.* at 4). Considering that Defendant's counsel has been designated as Defendant's point of contact in the

United States, and has apparently been able to represent and communicate on behalf of Defendant, it seems this attorney would "clearly [be] able to provide the complaint to the defendant[]." *See Cricut, Inc.*, 2025 WL 1333004, at *3. Thus, the court finds that contacting Defendant's attorney via the proposed method of service comports with due process and with the second requirement of Rule 4(f)(3).

Given the efforts previously made by Plaintiff to serve Defendant and the fact that Defendant's attorney is located in New York and Defendant provided this attorney's contact information to the USPTO in connection with their trademark (*see* ECF 19), the court finds it appropriate to grant Plaintiff's Motion for Service by Alternate Means.

### IV.     CONCLUSION AND ORDER

The court GRANTS the Motions (ECF 18; ECF 19) and hereby ORDERS that Plaintiff shall have twenty-one (21) days from the date of this order to serve Defendant. Furthermore, Plaintiff may serve Defendant by emailing the summons, complaint, and a copy of this order to Defendant's attorney as well as directly to Defendant at the email addresses identified in Plaintiff's Motion for Service by Alternate Means (ECF 19).

DATED this 12 August 2025.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah